UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEG NESTERENKO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BOLT BIOTHERAPEUTICS, INC., et al.,<br><br>　　　　　Defendants. | Case No.  24-cv-03985-JSC<br><br>**ORDER RE: MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>Re: Dkt. No. 17 |

Plaintiff Oleg Nesterenko brings this putative securities class action against Defendant Bolt Biotherapeutics, Inc. for making materially false and misleading statements and omissions in violation of the Securities Exchange Act.  (Dkt. No. 1.)[1]  Before the Court is Gabe Galioto's unopposed motion for appointment as lead plaintiff and approval of his selection of lead counsel.  (Dkt. No. 17.)  Having carefully considered the briefing, the Court concludes oral argument is unnecessary, *see* Civ. L. R. 7-1(b), and GRANTS the unopposed motion.  Mr. Galioto has demonstrated the largest financial interest in the litigation and made a *prima facie* showing he is an adequate class representative. The hearing set for October 10, 2024 is vacated.

**DISCUSSION**

Plaintiff alleges two claims against Bolt and its top officials under §§ 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5.  (Dkt. No. 1 ¶ 1.)  On July 2, 2024, pursuant to section 78u-4(a)(3)(A), Plaintiff's counsel published a notice of the action. (Dkt. No. 5-1.)  Mr. Galioto seeks appointment as lead plaintiff pursuant to section 78u-4(a)(3)(B)(i) and approval of his selection of counsel pursuant to section 78u-4(a)(3)(B)(v).  (Dkt.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

No. 17.)  Defendants Bolt, Randall C. Schatzman, William P. Quinn, and Edith Perez filed a statement of non-opposition.  (Dkt. No. 21.)

## I. APPOINTMENT AS LEAD PLAINTIFF

The Court must appoint "as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The Exchange Act presumes "the most adequate plaintiff" is the individual who (1) "has either filed the complaint or made a motion in response to a notice"; (2) "has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *Id.* § 78u-4(a)(3)(B)(iii)(I).  This presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" (1) "will not fairly and adequately protect the interests of the class; or" (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II).

Mr. Galioto filed a timely "motion in response to a notice" for appointment as lead plaintiff, thereby satisfying the first element of the section 78u-4(a)(3)(B)(iii)(I) presumption.  (Dkt. No. 17.)  No competing motions were filed.  (Dkt. No. 22.)

The second element of the presumption is to be the plaintiff "who has the greatest financial stake in the outcome of the case."  *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)).  When there are multiple movants, "the court may select accounting methods that are both rational and consistently applied" to determine which plaintiff has the greatest financial stake.  *Id.* at 730 n.4.  Mr. Galioto incurred losses of approximately $57,723 on his purchase of 10,000 shares of Bolt stock between February 5, 2021 and May 14, 2024 (the Class Period).  (Dkt. No. 18-1 at 2.)  No other party has come forward to assert a larger stake.  So, Mr. Galioto has satisfied the second element by showing the greatest financial stake in the outcome of this case.

The final element of the presumption is to "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure," which demands "a prima facie showing of adequacy and typicality."  *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021).  "Courts determine whether a plaintiff

will adequately represent a class by answering two questions: (1) do the movant and its 'counsel have any conflicts of interest with other class members' and (2) will the movant and its 'counsel prosecute the action vigorously on behalf of the class?'" *Id.* at 899-900 (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011)). "At this step, the process is not adversarial, so the Rule 23 determination should be based on only the movant's pleadings and declarations." *Id.* at 899. Mr. Galioto asserts "[t]here is no evidence of antagonism or conflict between [his] interests and those of the Class." (Dkt. No 17 at 13.) And given his "significant financial interest in the claims," Mr. Galioto attests he is "committed to ensuring the litigation is litigated as zealously and efficiently as possible." (Dkt. No. 18-4 at 3.) So, Mr. Galioto has fulfilled Rule 23's adequacy requirement.

As to Rule 23's typicality requirement, "[t]he test . . . is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1061 (N.D. Cal. 2018). Mr. Galioto contends that "like other Class members," he "purchased or otherwise acquired Bolt securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Bolt's share price downward." (Dkt. No. 17 at 12-13.) Because Mr. Galioto's claims "are based on the same legal theory and arise from the same events and course of conduct as the Class's claims," (*Id.* at 13), Mr. Galioto has fulfilled Rule 23's typicality requirement. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (finding typicality when, "like all other members of the purported class, the [plaintiff] purchased [Defendants'] common stock during the Class Period, allegedly in reliance upon Defendants' purported false and misleading statements, and alleged[ly] suffered damages as a result."). So, Mr. Galioto has satisfied the presumption's third element.

Because Mr. Galioto satisfies all three elements of § 78u-4(a)(3)(B)(iii)(I)'s presumption and no other party has presented proof to show otherwise, Mr. Galioto is presumed the most

3

adequate plaintiff. Accordingly, the Court APPOINTS Mr. Galioto as class representative.

## II. APPROVAL OF SELECTION OF COUNSEL

Mr. Galioto selected Pomerantz LLP to serve as lead counsel for the class.[2] (Dkt. Nos. 17 at 10; 18-4 at 2.) "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct. for N. Dist. of California*, 586 F.3d 703, 712 (9th Cir. 2009). Accordingly, the Court APPOINTS Pomerantz LLP as lead counsel. Lead counsel shall have the following responsibilities and duties on behalf of lead plaintiff and the putative class:

(a) preparing and filing all pleadings;

(b) briefing and arguing any and all motions;

(c) conducting any and all discovery proceedings including depositions;

(d) settlement negotiations;

(e) pretrial discovery proceedings and the preparation for trial and the trial of this matter; and

(f) the supervision of all other matters concerning the prosecution or resolution of the consolidated action.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Mr. Galioto's motion for appointment as lead plaintiff and approval of his selection of lead counsel. Pursuant to the Court's order, the Parties shall meet and confer within 20 calendar days following entry of this order. (Dkt. No. 16 at 4.) Parties shall submit a proposed briefing schedule for filing of amended complaint and Defendants' response thereto for the Court's approval no later than October 30, 2024.

//

//

//

//

---

[2] Mr. Galioto is also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this action. (Dkt. No. 18-4 at 2.)

This Order disposes of Docket No. 17.

**IT IS SO ORDERED.**

Dated: October 3, 2024

JACQUELINE SCOTT CORLEY
United States District Judge